UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I.,* <br><br> Plaintiff, <br><br> v. <br><br> *PHARR CHRIPRACTIC & REHABILITATION, INC.*, <br><br> *PATRICK PHARR,* <br><br> *ALICIA STERLING,* <br><br> *and* <br><br> *K.B., a/k/a Jane Doe,* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff American Family Mutual Insurance Company, S.I. ("American Family"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin.

2. Defendant Pharr Chiropractic & Rehabilitation, Inc. ("Pharr") was a Missouri corporation with its principal place of business located in Pacific, Missouri.

12946830.1

3. Defendant Pharr was administratively dissolved on May 29, 2014.

4. Defendant Patrick Pharr is a resident of the State of Missouri and, prior to its dissolution, was an officer of director of Pharr.

5. Alicia Sterling (formerly Pharr), is a resident of the State of Missouri and, prior to its dissolution, was an officer or director of Pharr.

6. Upon information and belief, K.B., a/k/a Jane Doe, is a resident of St. Louis County, Missouri.

7. Plaintiff American Family is a resident of the State of Wisconsin for purposes of diversity of citizenship jurisdiction.

8. All Defendants are citizens of the State of Missouri for purposes of diversity of citizenship jurisdiction.

9. This Complaint is submitted in accordance with Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, in order to obtain a declaration of the parties' rights and/or obligations under a certain policy of insurance issued by American Family to Pharr.

10. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2), and Local Rule 3.1(b), because a substantial part of the events giving rise to this action took place within the Eastern District of Missouri, and because one or more Defendants reside within the Eastern District.

## FACTS

### *The Underlying Lawsuit*

12.     Patrick and Alicia Pharr (now Sterling) were the President and Secretary, respectively, of Pharr.

13.     In 2014, Patrick Pharr was also an athletic trainer for Pacific High School ("PHS").

14.     On or about March 6, 2014, Patrick Pharr was arrested and/or charged with having sexual contact with "K.B.", a student at PHS.

15.     Patrick Pharr was charged with violating Section 566.086 of the Missouri Revised Statutes, which is a Class D felony and pertains to having sexual contact with a student by a teacher, student teacher, employee, contract employee, school official, or volunteer.

16.     Patrick Pharr pled guilty to the criminal charge against him on March 28, 2017.

17.     On May 29, 2019, "Jane Doe" filed a lawsuit against Patrick Pharr, Alicia Pharr (Sterling), and Pharr, in the Circuit Court of Franklin County, Missouri, Cause No.: 19AB-CC00115 ("Underlying Lawsuit").

18.     "Jane Doe" is the "K.B." referred to in the criminal charges against Patrick Pharr.

19.     Defendant Doe alleges in the Underlying Lawsuit that Patrick Pharr was a chiropractor and an employee of both Pharr and Meramec Valley R-III School District/PHS.

20.     The Underlying Lawsuit alleges a fiduciary relationship existed between Defendant Doe and Defendants Patrick Pharr, Alicia Pharr (Sterling), and Pharr.

21.     The Underlying Lawsuit further alleges Defendant Doe was involved in school sports and received treatment from Defendant Patrick Pharr due to his relationship with PHS as an athletic trainer.

12946830.1

22. Defendant Doe alleges Patrick Pharr used his role as an athletic trainer to engage in inappropriate boundary violations with her.

23. Defendant Doe alleges she was sexually abused by Patrick Pharr.

24. Defendant Doe alleges she was 17 at the time of the alleged sexual abuse and that the abuse was on a regular, frequent basis.

25. The Underlying Lawsuit alleges the sexual conduct was non-consensual and that Patrick Pharr's superior role as the athletic trainer combined with Defendant Doe's age "vitiated any consent to the sexual abuse."

26. The Underlying Lawsuit alleges all Defendants' actions were "willful and wanton."

27. The Underlying Lawsuit includes allegations that at the time of the abuse Defendant Doe was in the care, custody or control of Patrick Pharr, Alicia Pharr (Sterling) and/or Pharr.

28. The Underlying Lawsuit asserts 7 counts.

29. Count I is asserted against Patrick Pharr only and seeks recovery for "childhood sexual abuse."

30. Count II is asserted against all Defendants and seeks recovery for "common law sexual abuse and battery."

31. Count II alleges the sexual contact between Defendant Doe and Patrick Pharr was non-consensual.

32. Count II further alleges Defendants Pharr and Alicia Pharr (Sterling) "aided and abetted" Patrick Pharr's abuse by, among other things, allowing Patrick Pharr to treat PHS students at Pharr's offices.

12946830.1

33. Count III is asserted only against Defendants Pharr and Alicia Pharr (Sterling) and seeks recovery for "negligent failure to supervise."

34. Count III alleges Defendant Doe was a patient of Pharr at all times relevant to the alleged abuse by Patrick Pharr and that a fiduciary relationship existed between her and Defendants Pharr and Alicia Pharr (Sterling).

35. Count III alleges Defendants Pharr and Alicia Pharr (Sterling) failed to adequately supervise Patrick Pharr.

36. Count III specifically alleges Defendants Pharr and Alicia Pharr (Sterling) failed to adequately remove Patrick Pharr from his position with Pharr, failed to monitor his providing of services to high school students, and failed to adequately discipline him for known irregularities in his treatment of PHS students.

37. Count III specifically alleges most of the alleged abuse committed by Patrick Pharr took place at Pharr's offices.

38. Count IV is asserted against all Defendants and seeks recovery for breach of the alleged fiduciary/confidential relationship between Defendant Doe and Defendants Patrick Pharr, Alicia Pharr (Sterling), and Pharr.

39. Count IV alleges Defendants breached their fiduciary duty by sexually abusing Defendant Doe, failing to report the abuse, isolating Defendant Doe from her family and other means of support, and concealing evidence of the sexual abuse and "enforcing secrecy surrounding the events."

40. Count IV specifically alleges all Defendants psychologically manipulated Defendant Doe and that Defendants' actions were "willful, wanton and reckless."

12946830.1

41. Counts V and VI are asserted against all Defendants and seek recovery for "negligent infliction of emotional distress" and "intentional infliction of emotional distress," respectively.

42. Count V and VI contain essentially the same allegations against Defendants.

43. Count VII is asserted against all Defendants and seeks recovery for "constructive fraud."

44. Count VII alleges all Defendants deliberately created a fiduciary and confidential relationship with Defendant Doe and had a duty to disclose to her the injurious nature of the alleged abuse, a duty to not sexually abuse her, a duty to report the sexual abuse, a duty to keep her safe, and a duty to provide appropriate follow-up care to her.

45. Count VII alleges Defendants breached their fiduciary duties by using her dependence on the services being provided to Defendant Doe to treat her sports injuries to prevent her from realizing the alleged abuse was injurious, by using her physical injuries to exercise undue influence over her, by enforcing secrecy and teaching her that the alleged abuse was normal or necessary, by keeping a known abuser in the presence of children, by hiding facts of prior abuse from individuals who might have intervened, and by failing to provide a safe environment to Defendant Doe.

46. Count VIII alleges conduct by Defendants that was "willful, wanton, and reckless."

47. The Underlying Lawsuit seeks recovery of punitive damages.

### *American Family's Policy*

48. American Family issued a policy of insurance, No.: 24XN054203 ("Policy"), to Pharr.

49. The Policy was only in effect was from *March 14, 2014* to May 15, 2014.

50. A certified copy of the Policy is attached to this Complaint as **Exhibit A** and incorporated as if fully set forth herein.

51. The Policy contains the following relevant provisions:

**BUSINESSOWNERS COVERAGE FORM**

\*\*\*

**SECTION II – LIABILITY**

**A. Coverages**

   **1. Business Liability**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies ….

   \*\*\*

   b. This insurance applies:

   (1) To "bodily injury" and "property damage" only if:

   (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (b) The "bodily injury" or "property damage" occurs during the policy period; and

   (c) Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

   \*\*\*

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed in Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of "bodily injury" or "property damage" after the end of the policy period.

   \*\*\*

7

    **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer,

        **(2)** Receives a written or verbal demand or claim for damages because of "bodily injury" or "property damage"; or

        **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\*\*\*

**B. Exclusions**

    **1. Applicable to Business Liability Coverage**

    This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    \*\*\*

    **j.**    **Professional Services**

        "Bodily injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service. This includes but is not limited to:

        \*\*\*

        **(4)** Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;

        **(5)** Any health or therapeutic service treatment, advice or instruction;

**C. Who Is An Insured**

    If you are designated in the Declarations as:

    \*\*\*

    **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are also insureds, but only with respect to their duties as your officers or directors ….

8

12946830.1

\*\*\*

**F.      Liability And Medical Expenses Definitions**

\*\*\*

**3.**      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**\*\*\***

**13.**      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**ABUSE OR MOLESTATION EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following applies to Section **II** – Liability and supersedes any provision to the contrary:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(a)** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**(b)** The negligent:

  **(i)**      Employment;
  **(ii)**     Investigation;
  **(iii)**    Supervision;
  **(iv)**    Reporting to the proper authorities, or failure to so report; or
  **(v)**     Retention

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

\*\*\*

9

12946830.1

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – PUNITIVE DAMAGES**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to Paragraph **B. Exclusions** in **Section II – Liability**:

This insurance does not apply to:

**Punitive Damages**

Punitive or exemplary damages.

\*\*\*\*

### *American Family's Defense of the Underlying Lawsuit*

52. Defendants in the Underlying Lawsuit tendered a claim to American Family for defense and indemnity of the Underlying Lawsuit.

53. American Family undertook the defense of Pharr, Patrick Pharr, and Alicia Pharr (Sterling) pursuant to a reservation of rights.

54. American Family has been defending the Underlying Lawsuit since its inception.

55. American Family hired counsel to defend Pharr and Alicia Pharr (Sterling) as well as separate counsel to defend Patrick Pharr.

56. American Family has issued reservation of rights letters to Pharr dated July 11, 2019 and February , 2020.

57. American Family has issued reservation of rights letters to Alicia Pharr (Sterling) dated July 10, 2019 and February , 2020.

58. American Family has issued reservation of rights letters to Patrick Pharr dated July 11, 2019 and February , 2020.

## COUNT I – DECLARATORY JUDGMENT

*(Trigger of Coverage and Prior Knowledge as to Patrick Pharr, Alicia Pharr (Sterling), and Pharr)*

59. American Family incorporates, as if fully set forth herein, the allegations set forth in paragraphs 1 through 58 above.

60. The Policy did not go into effect until March 14, 2014.

61. The Underlying Lawsuit alleges the sexual abuse of Defendant Doe took place in 2014.

62. Based on the date Patrick Pharr was arrested and/or charged, which was March 6, 2014, all of the alleged abuse took place prior to the inception of the Policy.

63. No coverage exists under the Policy for the claims and allegations asserted against any of the Defendants in the Underlying Lawsuit because the alleged abuse and injuries took place prior to the inception of the Policy.

64. No coverage exists under the Policy for any of the claims and allegations in the Underlying Lawsuit against any of the Defendants for the additional reason that both Patrick Pharr, President of Pharr, and Alicia Pharr (Sterling), Secretary of Pharr, knew prior to the inception of the Policy of Defendant Doe's alleged injuries.

65. Specifically, because Patrick Pharr is the one alleged to have committed the abuse, he is deemed to have known of the alleged abuse from the time it commenced.

66. Similarly, the Underlying Lawsuit alleges Alicia Pharr (Sterling) knew of the abuse while it was going on and attempted to conceal it.

67. The very latest Patrick Pharr and Alicia Pharr (Sterling) can be deemed to have known of the alleged injuries of Defendant Doe was when Patrick Pharr was arrested and/or charged on March 6, 2014, which was prior to the inception of the Policy.

68. No coverage exists for any of the claims and allegations in the Underlying Lawsuit because the Policy specifically precludes coverage for injury, in whole or in part, that began prior to the inception of the Policy and was known by Patrick Pharr or Alicia Pharr (Sterling).

69. Because Defendant Doe's alleged injuries were prior to the inception of the Policy no coverage exists for any of the claims and allegations in the Underlying Lawsuit asserted against Defendants Pharr, Patrick Pharr, and Alicia Pharr (Sterling) based on the application of the "known loss/loss in progress" doctrine.

WHEREFORE, Plaintiff pray this Court declare that American Family owes neither a duty to defend nor indemnify Defendants Pharr, Patrick Pharr and Alicia Pharr (Sterling) for the claims and allegations in the Underlying Lawsuit because the alleged conduct and injuries took place prior to the inception of the Policy, because Patrick Pharr and Alicia Pharr (Sterling) knew about Defendant Doe's alleged injuries prior to the inception of the Policy, and based on the "known loss/loss in progress doctrine," and for all other relief the Court deems proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT

### *(Coverage for Patrick Pharr)*

70. American Family incorporates, as if fully set forth herein, the allegations set forth in paragraphs 1 through 69 above.

71. The Underlying Lawsuit alleges conduct by Patrick Pharr that was intentional, pre-meditated, willful, and wanton.

72. In addition, because Patrick Pharr is the one who is alleged to have sexually abused Defendant Doe, his intent to injure Defendant Doe is inferred as a matter of law.

73. Finally, because Patrick Pharr pled guilty to the criminal charges against him, which included that he "knowingly had sexual contact with K.B., a student of Pacific High School by having sexual intercourse with K.B., the issue of his intentional conduct is subject to collateral estoppel.

74. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Patrick Pharr, because Patrick Pharr's conduct is not accidental, and, thus, does not allege an "occurrence" under the Policy and under applicable law.

75. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Patrick Pharr, because Patrick Pharr is alleged to have beached a fiduciary duty owed to Defendant Doe, and a breach of fiduciary duty does not involve accidental conduct, and, thus, does not allege an "occurrence" under the Policy and under applicable law.

76. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Patrick Pharr, because Patrick Pharr's conduct, including his inferred intent to injure Defendant Doe, is excluded by the "Expected or Intended Injury" exclusion set forth in paragraph 51 above.

77. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Patrick

Pharr, because Patrick Pharr's conduct, including his inferred intent to injure Defendant Doe, is excluded by the "Abuse or Molestation" exclusion set forth in paragraph 51 above.

78.  No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Patrick Pharr, because the Underlying Lawsuit alleges conduct and resulting injury by Patrick Pharr based on services he provided as both a chiropractor and athletic trainer such that the "Professional Services" exclusion applies.

79.  No coverage exists under the Policy for the punitive damages sought against Patrick Pharr because punitive damages are not "damages because of 'bodily injury'" under the Policy and because of the "Punitive Damages" exclusion in the Policy, as set forth in paragraph 51 above.

WHEREFORE, American Family prays this Court declare American Family owes neither a duty to defend nor indemnify Patrick Pharr for any of the claims and allegations asserted against him in the Underlying Lawsuit, and for all other relief the Court deems proper under the circumstances.

## COUNT III – DECLARATORY JUDGMENT

### (*Coverage as to Alicia Pharr (Sterling) and Pharr*)

80.  American Family incorporates, as if fully set forth herein, the allegations set forth in paragraphs 1 through 79 above,

81.  The Underlying Lawsuit alleges Defendants Alicia Pharr (Sterling)'s and Pharr's conduct was knowing, willful and wanton, including that Defendants knew of Patrick Pharr's alleged abuse and tried to conceal it.

12946830.1

82. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) or Pharr, because their alleged conduct was intentional, and not accidental, such that no "occurrence" has been alleged in any of the claims and allegations against them in the Underlying Lawsuit.

83. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) or Pharr, because the claims and allegations against them allege the existence and breach of a fiduciary duty, and such alleged conduct is not accidental such that no "occurrence" has been alleged in any of the claims and allegations against them in the Underlying Lawsuit.

84. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) or Pharr, because their alleged willful and wanton conduct is excluded by the "Expected or Intended Injury" exclusion set forth in paragraph 51 above.

85. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) and Pharr, because Patrick Pharr's alleged conduct in sexually abusing Defendant Doe excludes coverage for all insureds under the "Abuse or Molestation" exclusion set forth in paragraph 51 above.

86. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) and Pharr, because the Underlying Lawsuit alleges Alicia Pharr (Sterling) and

12946830.1

Pharr failed to supervise Patrick Pharr as well as failing to report the abuse and failing to remove Patrick Pharr from Pharr, and the "Abuse or Molestation" exclusion set forth in paragraph 51 specifically excludes coverage for conduct in sexually abusing Defendant Doe excludes coverage for the alleged negligent employment, investigation, supervision, reporting or failure to report, and retention of Patrick Pharr.

87. No coverage exists under the Policy for the claims and allegations in the Underlying Lawsuit, and American Family owes neither a duty to defend nor indemnify Alicia Pharr (Sterling) or Pharr, because the Underlying Lawsuit alleges conduct and resulting injury by Alicia Pharr (Sterling) and Pharr based on services provided as a chiropractic and rehabilitation business, including but not limited to the duty to provide follow-up care following the abuse, such that the "Professional Services" exclusion applies as set forth in paragraph 51.

88. No coverage exists under the Policy for the punitive damages sought against Alicia Pharr (Sterling) and Pharr because punitive damages are not "damages because of 'bodily injury'" under the Policy and because of the "Punitive Damages" exclusion in the Policy, as set forth in paragraph 51 above.

WHEREFORE, American Family prays this Court declare American Family has neither a duty to defend nor duty to indemnify Alicia Pharr (Sterling) or Pharr for any of the claims and allegations asserted against them in the Underlying Lawsuit, and for all other relief the Court deems proper under the circumstances.

12946830.1

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.


By: /s/*Philip C. Graham*
Philip C. Graham, #40345MO
Kenneth R. Goleaner, #51043MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  pgraham@sandbergphoenix.com
E-mail:  kgoleaner@sandbergphoenix.com

Attorneys for Plaintiff *American Family Mutual Insurance Company, S.I.*

12946830.1